UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JAVIER RIVES, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

OUNZE CORPORATE, LLC, a Florida Limited Liability
Company, d/b/a TAPELIA, and JUAN MIGUEL PEREZ
RODRIGUEZ, individually,

    Defendants.
_____/

## **COMPLAINT**

    1.    Plaintiff, JAVIER RIVES (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

    2.    Defendant, OUNZE CORPORATE, LLC, d/b/a TAPELIA (hereinafter referred to "TAPELIA"), is a Florida Limited Liability Company that at all times material to this Complaint has owned and operated a restaurant in Miami Beach, Florida in Miami-Dade County, within the jurisdiction of this Court.

    3.    Defendant, JUAN MIGUEL PEREZ RODRIGUEZ, has at all times material to this Complaint owned, managed, and/or operated TAPELIA and Defendant RODRIGUEZ regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which employees were compensated, determined how employees' hours worked were tracked or recorded, set the rates of pay employees, and/or controlled the finances and day-to-day management operations of TAPELIA. By virtue of such control and authority, Defendant RODRIGUEZ is an employer of Plaintiff and the other similarly situated non-exempt security

1

employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself[1] and other current and former employees of OUNZE CORPORATE, LLC, d/b/a TAPELIA, and JUAN MIGUEL PEREZ RODRIGUEZ (collectively referred to as "Defendants") similarly situated to Plaintiff for unpaid minimum and overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

5. More specifically, this action is brought to recover from Defendants unpaid minimum and overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated employees of Defendants.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8. Between approximately October 2014 and March 2017, Plaintiff worked for Defendants as a non-exempt server in TAPELIA and Plaintiff's primary duties consisted of: (a) making drinks; and (b) serving drinks and food to customers at the restaurant; and (c) cleaning, restocking, and side work.

9. At all times material to this Complaint including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, TAPELIA has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief

---

[1] Attached hereto is a signed Consent to Join from JAVIER RIVES.

and subject to discovery, that at all times material to this Complaint, TAPELIA has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on kitchen and commercial equipment—including but not limited to refrigerators and freezers, ovens, grill, fryers, blenders, coffee machines—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to seafood (fish, clams, mussels), cheese, meats, pasta, Beers and Wine including but not limited to Heineken, Corona, Estrella, and El Navegante and Toro Loco—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed electronic bank and credit card transactions for payments by and for Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

10. Based upon information and belief, the annual gross sales volume of TAPELIA has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017.

11. At all times material to this Complaint including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, TAPELIA has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt servers, however variously titled, who have worked for Defendants in one or more weeks between April 2014 and the present without being paid at least the minimum wage required by law for every hour worked for Defendants.

13. In numerous work weeks during the three (3) year statute of limitations period between approximately October 2014 and March 2017, Plaintiff regularly worked five (5) to six

(6) days per week for Defendants—often Tuesday, Wednesday, Thursday, Friday, Saturday and sometimes Sunday—with start times as early as approximately 10:00 a.m. and with stop times that varied anywhere from 5:00 p.m. to 10:00 p.m. to 12:00 midnight, regularly working between seven (7) to twelve (12) hours per day, often working in excess of Forty (40) hours per week for Defendants.

14. However, Plaintiff alleges that Defendants failed to pay (a) at least the minimum wage required by law for every hour worked by Plaintiff and the other similarly situated employees; and (b) time and one-half of at least the minimum wage for all hours worked by Plaintiff and the other similarly situated employees during numerous work weeks within the three (3) year statute of limitations period as a result of Defendants' unlawful policies and/or practices of (i) paying Plaintiff and the other similarly situated employees based upon hourly rates of approximately $5.05/hour and $5.08/hour; and (ii) requiring Plaintiff and other servers to: (a) share tips with non-tipped employees who worked in one or more positions as dishwashers a/k/a bus boys/bussers; and/or (b) "tip out" an amount equal to twelve (12%) percent of each server's gross sales at the end of their shifts with Defendants unlawfully retaining tips belonging to Plaintiff and other similarly situated employees.

15. Likewise, based upon information and belief, Plaintiff alleges that Defendants have failed to maintain records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated employees for Defendants for each and every work week during the statute of limitations period between April 2014 and the present.

16. However, Defendants have had knowledge of the hours worked each week by Plaintiff and the other similarly situated employees for the benefit of Defendants between April

2014 and the present, but Defendants nonetheless willfully failed to pay the minimum wages and overtime compensation required by law, as Defendants instead accepted the benefits of the work performed by Plaintiff and other servers without the minimum wage and overtime compensation required by law.

17. The complete records of the wages actually paid by Defendants to Plaintiff and the other similarly situated employees between April 2014 and the present are in the possession, custody, and/or control of Defendants.

18. Beginning in late January 2017 and on multiple occasions through late March 2017, Plaintiff started complaining to Defendant RODRIGUEZ, as well as Defendants' payroll manager, Carlos, and General Manager, Raul that Plaintiff was being shorted pay for his regular hours worked and not being paid overtime compensation for all of his hours worked in excess of Forty (40) hours per week for Defendant.

19. In retaliation for Plaintiff's complaints about Defendants' illegal compensation practices in late January 2017, Defendants began reducing Plaintiff's work hours, subjecting Plaintiff to disparate treatment in his work assignments, and Defendants started initiating disciplinary action against Plaintiff—including but not necessarily limited to a "Corrective Action Written Warning Notice" in March 2017—all in a false, pretextual effort to document purported deficiencies in Plaintiff's job performance, culminating in Defendants' terminating Plaintiff's employment on or around April 1, 2017.

20. The reasons proffered by Defendants for Plaintiff's termination were false and known to be false by Defendants at the time of Plaintiff's termination.

## COUNT I
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, JAVIER RIVES, readopts and realleges the allegations contained in Paragraphs

1 through 20 above.

21. Plaintiff is entitled to the minimum wage required by law per hour for every hour he worked for Defendants each week within the three (3) year statute of limitations period between approximately October 2014 and March 2017.

22. However, Defendants failed to pay Plaintiff at least the minimum wage for each and every hour he worked for Defendants within the statute of limitations period. More specifically, Plaintiff alleges—subject to discovery—that Defendants owe him unpaid minimum wages in the total amount of $13,825.25 as follows:

> (a)(i) for an average of approximately Thirty-Five (35) hours per week at the rate of $2.20/hour during a total of approximately One Hundred (100) work weeks between approximately October 2014 and October 2016, his unpaid minimum wages for this time period total approximately $9,677.45 [$2.20/hour x 35 hours/week x 100 weeks = $7,700.00];
> (ii) an average of approximately Sixty (60) hours per week at the rates of $2.20/hour and $2.17/hour during a total of approximately Twelve (12) work weeks between November 2016 and January 2017 in the amount of $1,576.80 in unpaid minimum wages [($2.20/hour x 60 hours/week x 8 weeks = $1,056.00) + ($2.17/hour x 60 hours/week x 4 weeks = $520.80)]; and
> (iii) an average of approximately Fifty (50) hours per week at the rate of $2.17/hour during a total of approximately Three (3) work weeks between February 2017 and March 2017 in the amount of $325.50 in unpaid minimum wages [$2.17/hour x 50 hours/week x 3 weeks = $325.50];
> (iv) Thirty-Five (35) hours at the rate of $2.17/hour during one (1) work week in mid-March 2017 in the amount of $75.95 in unpaid minimum wages [$2.17/hour x 50 hours x 1 week = $75.95];
>
> (b) in the amount of $3,806.25 for an average of approximately five (5) hours per week that Plaintiff alleges Defendants shorted from his actual hours worked during a total of approximately One Hundred and Five (105) weeks between approximately October 2014 and March 2017 [$7.25/hour x 5 hours/week x 105 weeks = $3,806.25]; and
>
> (c) in the amount of $340.75 from Defendants having held back one (1) week of Plaintiff's earned wages from 35 hours of work performed for Defendants but uncompensated by Defendants [$7.25/hour x 35 hours = $253.75] and Defendants likewise failing to pay Plaintiff for a total of twelve (12) hours worked during his final week of work between approximately March 27, 2017 and March 31, 2017 [$7.25/hour x 12 hours = $87.00] [$253.75 + $87.00 = $340.75].

23. All similarly situated non-exempt servers, however variously titled, of Defendants are also entitled to be paid time at least the minimum wage required by law for every hour they have worked for Defendants within the three (3) year statute of limitations period between April 2014 and the present.

24. At all times material to this Complaint, Defendants had knowledge that Plaintiff and other non-exempt servers were performing work for the benefit of Defendants during numerous work weeks within the three (3) year statute of limitations period between April 2014 and the present without compensation at the minimum wage required by law.

25. Defendants have knowingly and willfully failed to pay Plaintiff and the other similarly situated non-exempt servers at least the minimum wage required by law for all of their actual hours worked for Defendants during each week within the statute of limitations period between April 2014 and the present.

26. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

27. Defendants did not have a good faith basis for their failure to pay at least minimum wage required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt servers, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendants pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, JAVIER RIVES, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, OUNZE CORPORATE, LLC, d/b/a TAPELIA, and JUAN MIGUEL PEREZ RODRIGUEZ, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, JAVIER RIVES, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

29. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay, of no less than the minimum wage required by law, for each hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately October 2014 and March 2017.

30. More specifically, based upon Defendants owing Plaintiff an average of approximately Twenty (20) unpaid overtime hours per week at the rate of $10.88/hour during a total of approximately Twelve (12) work weeks between November 2016 and January 2017 in the amount of $2,610.00 in unpaid overtime wages [$10.88/hour x 20 OT hours/week x 12 weeks = $2,610.00] as well as an average of approximately Ten (10) unpaid overtime hours per week at the rate of $10.88/hour during a total of approximately Three (3) work weeks between February 2017 and March 2017 in the amount of $326.25 in unpaid overtime wages [$10.88/hour x 10 OT hours/week x 3 weeks = $326.25], Plaintiff's unpaid overtime wages overall total $2,936.25 [$2,610.00 + $326.25 = $2,936.25].

31. All similarly situated non-exempt servers, however variously titled, of Defendants are also entitled to be paid time and one-half wages for all of their hours worked in excess of Forty

8

(40) hours per week for Defendants within the three (3) year statute of limitations period between April 2014 and the present.

32. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between April 2014 and the present.

33. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and the other similarly situated non-exempt servers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between April 2014 and the present based upon, *inter alia*: (a) Defendants failing to track and record the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other servers; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees, however variously titled.

34. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

35. Defendants did not have a good faith basis for their failure to pay the overtime wages required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt servers in excess of Forty (40) hours per week in numerous work weeks between April 2014 and the present, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid overtime wages

from Defendants pursuant to 29 U.S.C. §216(b).

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, JAVIER RIVES, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, OUNZE CORPORATE, LLC, d/b/a TAPELIA, and JUAN MIGUEL PEREZ RODRIGUEZ, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT III
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, JAVIER RIVES, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

37. Beginning in late January 2017 and on multiple occasions through late March 2017, Plaintiff complained to Defendants that Plaintiff was being shorted pay for his regular hours worked and not being paid overtime compensation for all of his hours worked in excess of Forty (40) hours per week for Defendant.

38. In retaliation for Plaintiff's complaints about Defendants' illegal compensation practices, Defendants began reducing Plaintiff's work hours, subjecting Plaintiff to disparate treatment in his work assignments, and initiated discipline against Plaintiff culminating in the termination of Plaintiff's employment.

39. The reasons proffered by Defendants for Plaintiff's termination were false and known to be false by Defendants at the time of Plaintiff's termination.

40. When Plaintiff made good faith complaints to Defendants between approximately January 2017 and March 2017 about not being paid all of his earned wages for the full extent of his actual hours worked, Plaintiff engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

41. Defendants and management employees of TAPELIA undertook retaliatory actions against Plaintiff, including ultimately terminating Plaintiff's employment on or around April 1, 2017, and a motivating factor behind Defendants' retaliation was Plaintiff's pursuit of the wages he believed in good faith were due and owing from Defendants, in violation of 29 U.S.C. §215(a)(3).

42. Defendants' violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for Plaintiff's rights under the FLSA.

43. Plaintiff has suffered and continues to suffer damages as a direct result of Defendants' violations of 29 U.S.C. §215(a)(3).

44. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs from Defendants.

WHEREFORE, Plaintiff, JAVIER RIVES, demands judgment against Defendants, jointly and severally, Defendants, OUNZE CORPORATE, LLC, d/b/a TAPELIA, and JUAN MIGUEL PEREZ RODRIGUEZ, for back pay, employment benefits, compensatory damages including, but not limited to, damages for intangible injuries, punitive damages, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  April 19, 2017                    Respectfully submitted,

                                      By:    **s/KEITH M. STERN**
                                                Keith M. Stern, Esquire
                                                Florida Bar No. 321000
                                                E-mail:  employlaw@keithstern.com
                                                Hazel Solis Rojas, Esquire
                                                Florida Bar No. 91663
                                                E-mail:  hsolis@workingforyou.com
                                                LAW OFFICE OF KEITH M. STERN, P.A.
                                                One Flagler
                                                14 NE 1st Avenue, Suite 800
                                                Miami, Florida 33132
                                                Telephone:  (305) 901-1379
                                                Facsimile:  (561) 288-9031
                                                Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Ounze Corporate, LLC, d/b/a Tapelia</u>, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Javier Rives*
Javier Rives